UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FANELY VANTROY THOMAS, *et al*, | § § § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:10-cv-00845 |
| | § § | |
| UNION PACIFIC RAILROAD COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is the plaintiffs', Fanley Vantroy Thomas, Andrea LaKendra Thomas and Bridget Thomas, individually and on behalf of the Estates of Fanley Thomas and Florence Collins Thomas (collectively, the "plaintiffs"), motion to remand (Docket Entry No. 8).  The defendant, Union Pacific Railroad Company ("Union Pacific"), has filed a response in opposition to the plaintiffs' motion to remand (Docket Entry No. 9) and the plaintiffs' have filed a reply (Docket Entry No. 13).  After having carefully considered the motion, response, reply and the applicable law, the Court is of the opinion that the plaintiffs' motion to remand should be **DENIED**.

**II.   FACTUAL BACKGROUND**

On January 7, 2010, the plaintiffs filed an Original Complaint in the 61st Judicial District Court of Harris County, Texas, against Union Pacific and Ken Rouse ("Rouse") ("Union Pacific" and "Rouse," collectively referred to as the "defendants"), alleging damages for the wrongful death of their parents, Fanley Thomas and Florence Collins Thomas, arising out of a collision

between an automobile and a train in St. Landry Parish, Louisiana. In their Original Complaint, the plaintiffs allege that on November 22, 2009, "a Union Pacific train traveling on a Union Pacific track violently struck Fanley Thomas and Florence Collins Thomas' vehicle in a rural section of St. Landry Parish, Louisiana . . . at Crossing Number 427812N." (Docket Entry No. 1, Document 1.) The plaintiffs contend that the train's impact ultimately killed Fanley and Florence Collins Thomas. (*Id.*) They also contend that the crossing was an ultra-hazardous, dangerous trap because of its "insufficient sight distance, obstructed views, humped design and lack of automatic lights and gates." (*Id.*) They maintain that despite the apparent hazards created by this crossing, Union Pacific never upgraded it to include active warning devices so as to give others fair warning of an approaching train. (*Id.*) They further argue that Rouse, the individual primarily responsible for maintaining the crossing, never recommended that it be upgraded, despite his awareness of the ultra-hazardous condition posed by it. (*Id.*) Consequently, they aver that the defendants' negligent conduct proximately caused their damages. Although they do not specifically set forth the amount of damages they seek, they generally allege that they have incurred the following damages as a result of the defendants' acts and/or omissions: pecuniary losses, including loss of advice and counsel, loss of services, loss of inheritance, loss of affection, solace, comfort, companionship, society, assistance, emotional support and expenses for psychological treatment; funeral expenses; past and future mental anguish; pre-death pain, suffering and anguish; exemplary damages; and any other damages available to them or the estate under the applicable law.

On March 15, 2010, Union Pacific filed its Notice of Removal, removing the state court action to this Court on the basis of diversity of citizenship, asserting that complete diversity of citizenship exists among the parties properly joined and that the amount in controversy exceeds

the sum of $75,000, exclusive of interest and costs.[1] The parties do no dispute that Union Pacific is a Delaware corporation with its principal place of business located in the state of Nebraska. Nor is it disputed that Rouse, like the plaintiffs, is a citizen of the state of Texas. Rather, Union Pacific argues that Rouse's citizenship should be disregarded for jurisdictional purposes because he was fraudulently joined as a defendant in this case in that the plaintiffs have asserted no viable cause of action against him.

On April 14, 2010, the plaintiffs filed the instant motion to remand, arguing that removal of the instant action was improper because Union Pacific cannot satisfy its heavy burden of establishing that Rouse was fraudulently joined as a defendant in this case. They contend that regardless of whether Texas or Louisiana law applies, they have alleged a viable cause of action against Rouse. As a consequence, they assert that subject matter jurisdiction is lacking and this case should be remanded to the state court where it was originally filed.

## III.    CONTENTIONS OF THE PARTIES

### A.    The Plaintiffs' Contentions

The plaintiffs assert that removal of the instant action was improper because they, like Rouse, are Texas citizens and as such, complete diversity of citizenship is lacking. They contend that Union Pacific cannot satisfy its heavy burden of demonstrating fraudulent joinder and establishing that they have no reasonable possibility of recovering against Rouse for the claim alleged. They further maintain that under either Texas or Louisiana law, they have alleged a viable cause of action against Rouse. Accordingly, the plaintiffs contend that this case should be remanded to the state court where it was originally filed.

---

[1] Removal is timely because Union Pacific was served with a copy of the plaintiffs' citation and original petition on February 16, 2010.

### B. Union Pacific's Contentions

Union Pacific contends that there is no reasonable possibility that the plaintiffs can recover against Rouse, since they have failed to allege any facts that if taken as true would establish liability against Rouse in his individual capacity. Consequently, Union Pacific argues that Rouse was fraudulently joined in this lawsuit for the sole purpose of defeating diversity and depriving this Court of jurisdiction. It further contends that this Court should disregard Rouse's citizenship for purposes of determining complete diversity of citizenship and deny the plaintiffs' motion to remand.

### IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the

plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Rouse is a Texas resident, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 -

309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

**V.    ANALYSIS AND DISCUSSION**

Here, the plaintiffs do not seek remand on the basis of a procedural defect in the removal procedure nor do they contend that the requisite amount in controversy is lacking. Instead, they

assert that remand in this case is appropriate due to a lack of complete diversity of citizenship between themselves and Rouse, a non-diverse defendant. It is undisputed that the plaintiffs and Rouse are citizens of the state of Texas. Thus, subject matter jurisdiction in this case is lacking unless Union Pacific can meet its heavy burden of establishing that Rouse was fraudulently or improperly joined. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08. Since Union Pacific does not allege actual fraud in the plaintiffs' pleading of jurisdictional facts, the issue of fraudulent joinder in this case centers on whether Union Pacific can establish that there is no possibility of recovery by the plaintiffs for the state-law cause of action alleged against Rouse. *See Guillory*, 434 F.3d at 308 (citing *Smallwood*, 385 F.3d at 573). "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2001)).

When evaluating the possibility of whether a plaintiff can establish a claim against an in-state defendant, district courts are to apply the substantive law of the forum state. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed.1188 (1938)); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). "And the court is 'bound to apply the law as interpreted by the state's highest court.'" *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). However, when "determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)). Here, the parties assert that it is

unclear at this stage in the litigation whether Texas or Louisiana law applies.[2] Nevertheless, the Court determines that regardless of whether Texas or Louisiana law is applicable, the plaintiffs cannot establish a claim against Rouse in his individual capacity premised on the facts as alleged.

Specifically, in their Original Complaint, the plaintiffs allege that Rouse was the individual responsible for evaluating the crossing at issue and despite his obligation to do so, he never recommended that the crossing be upgraded. (Docket Entry No. 1, Ex. 1; Pls.' Orig. Pet. § IV. at 4, ¶ 17.) They contend that "[h]ad he complied with his obligations, appropriately evaluated th[e] crossing, and recommend[ed] an upgrade, [the] accident would not have happened." *Id.* They further assert that Rouse "is negligent because he was responsible for the crossing, was aware or should have been aware of its extrahazardous condition, and did nothing about it." (Docket Entry No. 1, Ex. 1; Pls.' Orig. Pet. § V. at 5, ¶ 23.) Consequently, they contend that "Rouse's negligence proximately caused [their] damages." (*Id.*)

In their motion to remand, the plaintiffs argue that removal of the instant action was improper; Rouse has been properly joined as a defendant in this case because under either Texas or Louisiana law, they have the possibility of establishing a cause of action against him; and remand of this case is appropriate because the Court lacks subject matter jurisdiction. In opposition to the plaintiffs' motion to remand, Union Pacific argues that both Texas and Louisiana law bar a finding of liability against Rouse individually for the claim alleged against him by the plaintiffs. As such, Union Pacific contends that the plaintiffs' claim against him lacks merit and should be dismissed, as he has been fraudulently joined. It further contends that this Court's decision in *Gaston v. Wal-mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876

---

[2] It is important to note that the plaintiffs allege, in their Original Complaint, that their claims "arise under the laws of the State of Texas." (Docket Entry No. 1, Ex. 1; Pls.' Orig. Pet. § II. at 1, ¶ 3.) In their motion to remand, however, they assert "[a]s noted by Defendants in their notice of removal, it is unclear at this early stage whether Texas or Louisiana law will control." (Docket Entry No. 8 at 4).

(S.D. Tex. April 8, 2010) as well as the Beaumont Court of Appeals' decision in *Union Pacific R.R. Co. v. Cezar*, 293 S.W.3d 800 (Tex. App. – Beaumont, July 16, 2009) are instructive on the issues presented. This Court agrees.

As this Court has previously explained, the Texas Supreme Court has expressly delineated when individual liability under Texas law will be imposed on an agent and/or corporate officer and when it will not. *Gaston*, 2010 WL 1426876, *7. Specifically, in *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), the Texas Supreme Court stated the rule as follows:

> We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. '[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.' . . . [In *Leitch*] [w]e held that the actions or inactions of the individuals were actions or inactions 'within their capacities as officers' of Hornsby's corporate employer and that the individuals 'had no individual duty as corporate officers to provide Hornsby with a safe workplace.' The individuals were not liable for their negligence because they 'did not breach any separate duty' to Hornsby. Only their corporate employer was liable for their negligence.
>
> The existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.' . . .

*Gaston*, 2010 WL 1426876, *7 (citing *Tri*, 162 S.W.3d 552, 562 – 63 (internal citations omitted)); *see also Cezar*, 293 S.W.3d at 818.

In the case *sub judice*, the plaintiffs allege that the nature, scope and extent of Rouse's personal responsibilities and individual control as Union Pacific's Senior Manager of Industry and Public Projects for its southern region, establish that a duty was violated by him in this case. They contend that Rouse admitted under oath during the *Cezar* trial that he controls all crossings in Louisiana, which necessarily includes the crossing at issue in this lawsuit. As such, they maintain that based on the analysis set forth by the Beaumont Court of Appeals in *Cezar*, they have a cognizable cause of action against Rouse. This Court does not agree.

First, contrary to the plaintiffs' assertion, no evidence has been proffered in this case establishing that Rouse either owned or controlled the crossing at issue or that he was personally involved in the accident that is the subject of the instant lawsuit. In fact, when asked during direct examination in the *Cezar* trial about whether a substantial part of his job duties included overseeing whether the railroad crossings within his regions were upgraded and maintained, Rouse stated, "Not [sic], not as such." (Docket Entry No. 8, Ex. A at 134:7 -135:2.) He further testified that his "position is to oversee crossing construction and improvements, grade separations." *Id.*

Second, in his affidavit filed in support of Union Pacific's response in opposition to the plaintiffs' motion to remand, Rouse stated that as Union Pacific's Senior Manager of Industry and Public Projects, he oversees the work of six subordinate Managers of Industry and Public Projects, each of which is assigned a specific territory within his region. (Docket Entry No. 9, App. A at ¶ 3). He also stated that the crossing at issue lies within the territory of one of his subordinate managers who is responsible for the territory covering all of Louisiana and part of Northeast Texas. (*Id.* ¶ 4.) Rouse further maintained that while it is true that the crossing lies within the southern region, he has never personally visited it, has no personal knowledge of its alleged "extrahazardous" condition, has never been notified of its alleged "extrahazardous" condition and has never received any reports or complaints so as to put him on notice that the manager responsible for the territory covering the crossing was not properly performing his duties with respect to the crossing. The plaintiffs, on the other hand, have failed to offer any allegations and/or evidence to the contrary. Thus, because the plaintiffs have failed to allege facts that would support the existence of an independent duty of care owed to them by Rouse, as

Union Pacific's Senior Manager of Industry and Public Projects, Texas law precludes a finding of liability against him individually.

The same holds true under Louisiana law. "Under Louisiana law, individual liability of an employee for a work-related function can only exist if there was a breach of a *personal* duty of care to another." *Harrod v. Zenon*, No. 03-1088, 2003 WL 21748687, *2 (E.D. La. July 25, 2003) (emphasis in original). The Louisiana Supreme Court, in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), set forth the following guidelines as reference in determining whether breach of a personal duty has occurred and personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;

2. This duty is delegated by the employer to the employee;

3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and

4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its nonperformance or malperformance and has nevertheless failed to cure the risk of harm.

*Dubroc v. Brand Energy Solutions, LLC*, No. 08-768-RET-DLD, 2009 WL 2194551, *3 (M.D. La. June 1, 2009). Further, "[a]s a general rule [under Louisiana law], allegations of a failure to maintain premises and to warn of a vice and/or defect in [the] same have been repeatedly held to be insufficient to impose personal liability on managers under the *Canter* factors." *Dubroc*, 2009 WL 2194551, at *3 (internal citations omitted). Therefore, based on the analysis set forth above, the Court concludes that since there is no reasonable basis to predict that the plaintiffs might be

able to recover against Rouse individually for the claim alleged under either Texas or Louisiana law, Rouse was fraudulently joined.

## VI. CONCLUSION

In light of the foregoing, the Court determines that the citizenship of Rouse, the non-diverse defendant, shall be disregarded for the purpose of determining whether complete diversity of citizenship exists, since he was fraudulently joined. Having concluded that Rouse was fraudulently joined, this Court further concludes that Rouse should be **DISMISSED** as a defendant in this action. Therefore, complete diversity of citizenship exists and the requisite amount in controversy appears facially apparent. Accordingly, the plaintiffs' motion to remand is **DENIED**.

It is so **ORDERED**.

SIGNED at Houston, Texas this 9th day of August, 2010.

_____
Kenneth M. Hoyt
United States District Judge